Skelos, J.P.
(concurring): Since it is my view that the petitioner, the Director of Creedmoor Psychiatric Center (hereinafter Creedmoor), failed to meet her burden of proof on her petition seeking permission for Creedmoor to administer medication to a patient over his objection, even without drawing an adverse inference with respect to the failure to call the patient’s treating psychiatrist as a witness, I would affirm on that basis alone.
Every competent adult has the right “to control the course of his [or her] medical treatment,” which includes the right to refuse medical treatment (Rivers v Katz, 67 NY2d 485, 492 [1986]). “This right of the individual to refuse a proposed course of treatment implicates the right to privacy and is of constitutional dimension” (Matter of Adam S., 285 AD 2d 175, 178 [2001]; see Rivers v Katz, 67 NY2d at 492-493). In light of the “importance of this right,” the Court of Appeals has “set a high standard of proof for overcoming it under the State’s parens patriae power Matter of Michael L., 26 AD3d 381, 381 [2006]). Specifically, a petitioner seeking permission to administer medication to a patient without his or her consent must demonstrate by clear and convincing evidence (1) that the patient lacks the capacity to make a reasoned decision with respect to proposed treatment, and (2) that “the proposed treatment is narrowly tailored to give substantive effect to the patient’s liberty interest, taking into consideration all relevant circumstances, including the patient’s best interests, the benefits to be gained from the treatment, the adverse side effects associated with the treatment and any less intrusive alternative treatments” (Rivers v Katz, 67 NY2d at 497-498).
Here, even without an inference that the patient’s treating physician, Robert Mathew, who was not called as a witness at the hearing, would have testified adversely to Creedmoor, the petitioner failed to prove by clear and convincing evidence that the proposed treatment was in the patient’s best interests and that no less intrusive alternative treatments existed. As the majority points out, the opinion of the doctor who testified on *185 Creedmoor’s behalf, Ella Brodsky, that the patient had shown a “good response” to treatment in the past was inconsistent with Mathew’s Clinical Summary, in which he noted that the patient had shown a “poor” response to medication, and his Evaluation, in which he opined that the patient had a “partial to fair response” to medication. Brodsky’s explanation of this discrepancy, that a “partial to fair response” to medication was “actually a good response,” was not convincing. As further noted by the majority, Brodsky’s testimony that the patient had previously taken the proposed medication without suffering side effects was belied by Mathew’s Evaluation, which suggested that the patient had not previously taken all of the proposed medications.
Essentially, the petitioner’s evidence emphasized the patient’s mental illness and the alleged behavioral manifestations of that illness, but was deficient with respect to the actual treatment proposed for the patient, including potential side effects and, most notably, the expected efficacy of the treatment. Accordingly, the petitioner failed to demonstrate that the proposed treatment was narrowly tailored to give substantive effect to the patient’s liberty interest (see generally Rivers v Katz, 67 NY2d at 497-498), even without drawing an adverse inference against Creedmoor for its failure to call Dr. Mathew. I therefore find it unnecessary to decide whether the “missing witness rule” is properly applied in this context, and would affirm only on the basis of the petitioner’s failure to meet her burden of proof on the petition.
Dickerson and Hall, JJ., concur with Angiolillo, J.; Skelos, J.E, concurs in a separate opinion.
Ordered that the order is affirmed, without costs or disbursements.